# UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BRIAN PLAIR**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERACTIVE COMMUNICATION INTERNATIONAL, INC. AND INTERACTIVE COMMUNICATION INTERNATIONAL CANADA, INC.** <br><br> Defendant. | CIVIL ACTION FILE NO.: <br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Brian Plair, by and through his undersigned counsel, files this Complaint for Damages, showing the Court as follows:

### I.   JURISDICTION AND VENUE

**1.**

This Court has jurisdiction over the subject matter of this action pursuant to 31 U.S.C. § 6711 et seq., 42 U.S.C. § 1331, 42 U.S.C. § 2000e et seq. and 29 U.S.C. § 621 and 623(c), in addition to the ancillary, pendant and the supplemental jurisdiction of the Court over state claims.

1

**2.**

Venue lies in the Northern District of Georgia because Defendants have their primary place of business in Atlanta, GA where the act complained of took place.

## II.  PARTIES

**3.**

Plaintiff, Brian Plair, a former employee of Defendants, resides at 160 High Place Court, Decatur, GA 30032.

**4.**

Upon information and belief, Defendants are a corporation organized and existing under the laws of Georgia with its principal place of 250 Williams Street, Suite 5-2002, Atlanta, GA 30303 (hereinafter the "Company").

**5.**

At all times relevant Defendants were qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

**6.**

Defendants can be served through their registered agent at: Corporate Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

### III.  FACTUAL ALLEGATIONS

**7.**

Plaintiff is a 35 year old Transgender African-American Female.

**8.**

On or about September 18, 2017, Plaintiff began working for Defendants as a Back Office Data Administrator.

**9.**

Upon information and belief, Defendants became aware of Plaintiff's transgender identify subsequently after Plaintiff was hired.

**10.**

On or about January 8, 2020, Plaintiff informed her acting supervisor and Senior Director of Card Production, Ms. Elisha Schmookler (hereinafter "Ms. Schmookler"), that she was applying for another internal position in the Company.

**11.**

Subsequently thereafter, Plaintiff requested leave from work from January 24, 2020 to January 28, 2020 and in response to her prior request to apply for another internal position, Ms. Schmookler commenced her disparaging treatment towards Plaintiff. This event marked the beginning of Ms. Schmookler's harassing and unprofessional conduct towards Plaintiff.

**12.**

On or about February of 2020, Ms. Schmookler placed Plaintiff on a Performance Improvement Plan ("PIP") for various performance issues; however, the alleged performance issues Plaintiff was being accused of was feigned and the true reason Plaintiff was placed on a PIP was due to Mrs. Schmookler's retaliation towards Plaintiff for applying for another position within the company.   Plaintiff possesses a series of evidentiary support that shows Ms. Schmookler's retaliatory, discriminatory and harassing treatment towards Plaintiff.

**13.**

On or about February of 2020, Plaintiff made a formal complaint against Ms. Schmookler to the company's Human Resources Manager Ms. Lauren Rhodes (hereinafter "HR"). Amongst various discriminatory and harassing practices she averred in her complaint against Ms. Schmookler to HR was an incident in July of 2019 in which Ms. Schmookler compelled Plaintiff to attend a music concert with her and while at said music concert, Ms. Schmookler grabbed Plaintiff, motioned close to her and made various flirtatious comments about Plaintiff's anatomy. Plaintiff immediately reported this incident to HR the next day.  That incident was one of many incidents in which Ms. Schmookler continued her sexual harassment of Plaintiff from July of 2019 to December of 2019.

**14.**

On or about March 12 of 2020, Plaintiff met with HR to discuss the results of their investigation regarding Plaintiff's Complaint against Ms. Schmookler and was informed that HR's investigation found no evidence of discrimination, retaliation or harassment. HR's determination of non-discrimination towards Plaintiff was concluded even though Plaintiff provided a substantial amount of corroborating evidentiary support.

**15.**

Instead of taking corrective actions against Ms. Schmookler, HR permitted the continued retaliation against Plaintiff and did not remedy the discriminatory practices.

**16.**

On or about March 16 of 2020, HR met with Plaintiff and Plaintiff requested to be transferred to another department within the Company or report to another manager.  HR informed her that her only option moving forward was to continue working in her current position with Ms. Schmookler and declined all other reasonable options. Given the continued discriminatory practices against Plaintiff, she protested against that option and was immediately terminated.

## IV.  COUNT I: VIOLATION OF 42 U.S.C. § 1981 RACE DISCRIMINATION

**17.**

Plaintiff hereby incorporates Paragraph 1 through 16 above as if set forth fully herein.

**18.**

Defendants' subjected Plaintiff to discrimination, retaliation and harassment on the basis of his race.

**19.**

Defendants' actions in subjecting Plaintiff to different terms and conditions to employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981.

**20.**

The effect of Defendant's conduct was to deprive Plaintiff of economic opportunities and otherwise adversely affect Plaintiff's status as an employee because of her race.

**21.**

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

**22.**

Defendants have willfully and wantonly disregarded Plaintiff's rights and Defendants' discrimination against Plaintiff was undertaken in bad faith. Defendant chose not to take appropriate remedial steps to prevent or correct the racial harassment

**23.**

As a direct and proximate result of the Defendants' unlawful discriminatory practices, Plaintiff has suffered emotional harm for which she is entitled to recover lost wages, compensatory and punitive damages and attorney's fees from the Defendants.

## V.     COUNT II: VIOLATION OF 42 U.S.C. § 1981 RETALIATION

**24.**

Plaintiff hereby incorporates Paragraph 1 through 23 above as if set forth fully herein.

**25.**

Plaintiff engaged in protected conduct when she complained about race and sex-based discrimination and harassment.

**26.**

Defendant's subjected Plaintiff to adverse employment actions after she engaged in protected conduct.

**27.**

There was a causal connection between the protected conduct and the adverse action.

**28.**

As a direct and proximate result of these actions, Plaintiff has suffered damages.

**29**.

As a direct and proximate result of the Defendants' unlawful retaliation practices, Plaintiff has suffered emotional harm for which she is entitled to recover lost wages, compensatory and punitive damages and attorney's fees from the Defendants.

## **COUNT III: VIOLATION OF 42 U.S.C. § 1981 SEX DISCRIMINATION**

**30.**

Plaintiff hereby incorporates Paragraph 1 through 29 above as if set forth fully herein.

**31.**

Plaintiff is 35 year old African-American Transgender Male.  Plaintiff was terminated of her employment by Defendants.  Upon information and belief, Defendants became aware of Plaintiff's transgender identify subsequently after Plaintiff was hired.

**32.**

At or about the time of Plaintiff's termination, Defendants engaged in a course of conduct designed to systematically eliminate Plaintiff because of her gender selection.

**33.**

Sex was a motivating factor and but for Plaintiff's sex, Defendants would not have discharged against the Plaintiff.

**34.**

Said termination was willful and wanton and was an intentional discriminatory act against Plaintiff's employment.

**35.**

Plaintiff filed a Complaint with the Equal Employment Opportunity Commission, which issued Plaintiff a ninety (90) day letter on March 18, 2021, copies of which are attached herein as Exhibit A.

**36.**

In taking adverse employment actions against Plaintiff, Defendants failed to follow their own written policies and procedures, in violation of Plaintiff's personal and property rights in her continued employment.

**37.**

As a direct and proximate result of the sex discrimination by Defendants, Plaintiff has sustained a loss of benefits and incidental expenses, as well as front pay and benefits.

**38.**

As a direct and proximate result of the Defendants' unlawful discriminatory practices, Plaintiff has suffered emotional harm for which she is entitled to recover lost wages, compensatory and punitive damages and attorney's fees from the Defendants.

**WHEREFORE**, PLAINTIFF prays for the following relief:

a. That Plaintiff have a trial by jury on all issues;

b. That Plaintiff have and recover from Defendants Plaintiff's expenses of litigation, including but not limited to, cost and reasonable attorney's fees as provided by law;

c. That Plaintiff be awarded compensatory damages, special damages and general damages for pain and suffering, lost earnings and others in a sum and amount to be shown at trial in accordance with the enlightened conscience of an impartial jury; and

d. That Plaintiff has such other and further relief as this Honorable Court deems just and proper under the circumstance.

Respectfully submitted this 15 day of June 2021.

*/s/ Nathaniel J. Middleton*
Nathaniel J. Middleton, Esq.
Georgia State Bar No.: 504909

Attorney for Plaintiff
**The Law Office of Nathaniel J. Middleton**
3951 Snapfinger Parkway, Suite 515
Decatur, Georgia 30035
(404) 286-4441 (Office)
(404) 996-6788 (Fax)
nathanieljmiddleton@gmail.com

# Exhibit A

# EEOC Filing